85 F.3d 631
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Lokmar Yazid ABDUL-WADOOD, Plaintiff-Appellant,
v.
Charles E. WRIGHT, and Mike Scott, in their individual and
official capacities, Defendants-Appellees.
 No. 95-1349.
 United States Court of Appeals, Seventh Circuit.
 Submitted April 25, 1996.[1]
Decided April 30, 1996.
 
 Before POSNER, Chief Judge, and MANION and KANNE, Circuit Judges.
 
 ORDER
 
 1
 Plaintiff Lokmar Y. Abdul-Wadood,[2] an Indiana state prisoner, filed a civil rights action pursuant to 42 U.S.C. § 1983, purportedly as a class action, alleging that defendants, prison officials at the Maximum Control Complex (MCC) in Indiana, violated his Eighth and Fourteenth Amendment rights[3] when they allowed him only a shortened tooth brush which caused "several MCC prisoners" to develop gum disease known as gingivitis. A magistrate judge recommended granting defendants' motion to vacate a previous default order and dismiss for failure to state a claim. The district court agreed, and dismissed the complaint under Fed.R.Civ.P. 12(b)(6).
 
 
 2
 A settlement approved by the district court in a class action in which Abdul-Wadood is a named plaintiff included a provision that toothbrushes issued at the MCC shall have handles not shorter than 2 1/2 inches, and this court recently affirmed the district court's approval of that consent decree. Isby v. Bayh, 75 F.3d 1191 (7th Cir.1996), affirming sub nom. Taifa v. Bayh, 846 F.Supp. 723 (N.D.Ind.1994). Plaintiff will not be allowed to relitigate the issue here, in another purported class action. See Cooper v. Federal Reserve Bank of Richmond, 467 U.S. 867, 874 (1984) (a prior adjudication "in a properly entertained class action is binding on class members in any subsequent litigation"); Martin v. Davies, 917 F.2d 336, 339-40 (7th Cir.1990) (inmate, as member of class, is bound by earlier decree); Fed.R.Civ.P. 23 (all members of class are bound by judgment entered in that action). And this is not a case where plaintiff raises any individual claims of damages, but instead challenges the shortened toothbrush policy at MCC. Cf. Moran, 917 F.3d at 340.
 
 
 3
 Plaintiff also argues that the district court erred in setting aside a default order. The district court properly set aside the default entry because the complaint failed to state a claim upon which relief could be granted and was thus legally insufficient to support a default judgment. See Black v. Lane, 22 F.3d 1395, 1399 (7th Cir.1994) ("The entry of a default order does not ... preclude a party from challenging the sufficiency of the complaint).
 
 
 4
 Accordingly, the judgment of the district court is AFFIRMED.
 
 
 
 [1]
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that the parties could file a "Statement as to Need of Oral Argument. See Fed.R.App.P. 34(a); Cir.R. 34(f). The Appellees have notified the court that they will not be filing a brief in this appeal. The Appellant has not filed a statement in response to the court's Rule 34 notice, and thus the appeal is submitted on the parties' briefs and the record
 
 
 [2]
 Originally four inmates filed the complaint. Only Abdul-Wadood has appealed
 
 
 [3]
 The record contains various pleadings and motions which include vague references to cruel and unusual punishment, excessive force, conditions of confinement, and due process. The complaint sought compensatory damages, punitive damages, and an injunction requiring defendants to provide longer toothbrushes to the MCC inmates